| STATE OF NORTH CAROLINA | File No. 19CV012950 |
|---|---|
| WAKE County | 19-CVS- |
| | In The General Court Of Justice |
| | ☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| GEMINI INSURANCE COMPANY |
| Address |
| c/o Gallivan White & Boyd, PA, 6805 Morrison Blvd., Suite 200 |
| City, State, Zip |
| Charlotte                                       NC      28211 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| HARRAH'S NC CASINO COMPANY, LLC, CAESARS ENTERTAINMENT CORPORATION, OLD REPUBLIC INSURANCE COMPANY, and EASTERN BAND OF CHEROKEE INDIANS | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| HARRAH'S NC CASINO COMPANY, LLC<br>Corporation Service Company, Registered Agent<br>2626 Glenwood Avenue, Suite 550<br>Raleigh                  NC     27608 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE**! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| James M. Dedman, IV<br>Gallivan White & Boyd, PA<br>6805 Morrison Blvd., Suite 200<br>Charlotte                NC        28211 | 9-24-19 | 11:30  ☒ AM ☐ PM |
| | Signature | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| AOC-CV-100, Side Two, Rev. 4/18 | **RETURN OF SERVICE** | |

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED | IN THE GENERAL COURT OF JUSTICE
2019 SEP 24 AM 11: 36 | SUPERIOR COURT DIVISION
WAKE COUNTY WAKE COUNTY, C.S.C | 19-CVS-_____

GEMINI INSURANCE COMPANY,
BY_____

    Plaintiff,

v.

HARRAH'S NC CASINO COMPANY, LLC, CAESARS ENTERTAINMENT CORPORATION, OLD REPUBLIC INSURANCE COMPANY, and EASTERN BAND OF CHEROKEE INDIANS

    Defendants.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Gemini Insurance Company alleges and shows unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Gemini Insurance Company ("Gemini") is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Connecticut. Gemini issued a sovereign national commercial general liability insurance policy to the Defendant Eastern Band of Cherokee Indians ("EBCI") bearing policy number TGL0000097-02 with effective dates of October 1, 2015 to October 1, 2016.

2.    Defendant Old Republic Insurance Company ("Old Republic") is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. Old Republic issued a commercial general liability insurance policy to Defendant Caesars Entertainment Corporation ("Caesars") bearing policy number MWZY 308055 in effect from July 1, 2016 to July 2, 2017. The Old Republic Policy covers Caesars' subsidiaries, divisions, and affiliated organizations.

3. Defendant Harrah's NC Casino Company, LLC ("Harrah's NC") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Las Vegas, Clark County, Nevada. It maintains a registered office in Raleigh, Wake County, North Carolina and its principal office in Las Vegas, Clark County, Nevada. Because it operates two casinos in the State of North Carolina, Harrah's NC does business as both Harrah's Cherokee Casino Resort and Harrah's Cherokee Valley River Casino and Hotel. Harrah's NC is also insured under the Old Republic Policy.

4. Harrah's NC is owned by CEOC, LLC ("CEOC") and Harrah's Management Company. CEOC, LLC is a Delaware corporation with its principal place of business in the State of Nevada. Caesars is the managing member of CEOC, LLC. Harrah's Management Company is a Nevada corporation with its principal place of business in the State of Nevada. On information and belief, Harrah's NC is and was at all relevant times a subsidiary of Caesars.

5. Defendant Eastern Band of Cherokee Indians ("EBCI") is a federally recognized Indian tribe located in Cherokee, Cherokee County, North Carolina.

6. Caesars is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Las Vegas, Clark County, Nevada. As noted above, Caesars is the named insured on policy number MWZY 308055 issued by Old Republic.

7. This action for a declaratory judgment and other relief involves the interpretation of certain insurance policies, entered in the State of North Carolina, and/or which insure lives, property, and interests in the State of North Carolina. All persons who have or claim any interest which would be affected by the declaration sought by Gemini have been made parties to this action. Further, a real and justiciable controversy exists between Gemini and the other parties named herein necessitating judicial determination of the rights and responsibilities of the parties.

8. This Court has jurisdiction over the parties pursuant to N.C.G.S. § 1-75.4.

9. Venue in this matter is proper in Wake County. N.C.G.S. § 1-82 provides that an "action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement[.]" Under N.C.G.S. § 1-79(a)(1), the residence of a domestic limited liability company is "[w]here the registered or principal office of the . . . limited liability company . . . is located . . ." Accordingly, venue is proper in Wake County because Harrah's NC, a defendant, maintains its registered office in Wake County.

10. The amount in controversy is in excess of the jurisdictional minimum amount.

11. All conditions precedent to the filing of this action have been met.

## FACTUAL BACKGROUND

12. Harrah's NC operates the Harrah's Cherokee Casino Resort located at 777 Casino Drive in Cherokee, Cherokee County, North Carolina. The casino boasts 150,000 square feet of gaming space with slot games and offers traditional table games such as black jack, roulette, and craps. The property features over 1,100 hotel rooms, ten restaurants, nine retail shops, and other amenities. The casino is owned by EBCI and operated and/or managed by Harrah's NC.

13. On Sunday, July 10, 2016, casino patron Sheila Diane Holloman Campos ("Mrs. Campos") left the casino property in order to walk to the Stonebrook Lodge, which is located near the casino at 436 Paint Town Road in Cherokee, North Carolina. As she walked from the casino to the lodge, she was struck by a passing vehicle. She died from her injuries on Sunday, July 17, 2016 in Asheville, Buncombe County, North Carolina.

14. Following the accident, Louis Campos, individually, and as husband and personal representative of Mrs. Campos' estate, instituted an action seeking damages arising out of the death of Mrs. Campos against EBCI, Harrah's NC, Caesar's Entertainment Operating Company,

and Tribal Casino Gaming Enterprise alleging several theories of recovery, including premises liability, agency of Harrah's NC for the other defendants, and breach of EBCI's customs and traditions. Mr. Campos filed that suit in the Eastern Band of Cherokee Indians Cherokee Court on July 7, 2017. The action is captioned *Louis Campos, Individually, and as Husband and Personal Representative of the Estate of Sheila Diane Campos v. Eastern Band of Cherokee Indians, Harrah's NC Casino Company, LLC, Caesar's Entertainment Operating Company, Inc., Tribal Casino Gaming Enterprise, Smokey Mountain Properties, LLC, and Mark Henry Fortner* and bears civil action number 17-331 (hereinafter "the Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as **Exhibit A** to this Complaint. That suit remains pending, and on May 9, 2019, Mr. Campos filed a Second Amended Complaint for Damages, a true and correct copy of which is attached as **Exhibit B**.

15. Prior to the accident, EBCI entered into an Amended and Restated Management Agreement with Harrah's NC, in which Harrah's NC agreed to manage, maintain, and/or operate the Harrah's Cherokee Casino Resort premises. A true and correct copy of the agreement is attached as **Exhibit C** to this Complaint, and it is incorporated herein by reference.

16. Under the terms of that agreement, Harrah's NC agreed to maintain commercial general liability insurance coverage in an amount not less than $50 million on behalf of EBCI. The agreement also provides that EBCI will be named as an additional insured on Harrah's NC policies of insurance.

17. On information and belief, Harrah's NC fulfilled its obligations under the agreement by obtaining a commercial general liability policy issued by Old Republic bearing policy number MWZY 308055 (renewal of number MWZY 305244) with effective dates of July 1, 2016 to July 1, 2017. The Old Republic Policy contains an Additional Insured Endorsement

(CG 20 26 04 13) which provides that those entities required to be named as an additional insured under a written contract or agreement constitute additional insureds under the Old Republic Policy. At all relevant times, Harrah's NC and Caesars have represented the Old Republic Policy to be the applicable commercial general liability insurance policy at issue. Thus, because of its agreement with Harrah's NC, EBCI is an additional insured under the Old Republic Policy. A true and correct copy of the Old Republic Policy is attached as **Exhibit D** to this Complaint.

18. Following the institution of the Underlying Lawsuit, Gemini agreed to undertake the defense of its insured, EBCI, in the Underlying Lawsuit pursuant to policy number TGL0000097-02. A true and correct copy of the Gemini policy is attached as **Exhibit E** to this Complaint.

19. However, American Claims Management, Inc. ("ACM"), on behalf of EBCI and Gemini, tendered EBCI's defense to Harrah's NC and/or Caesars pursuant to the terms of the Old Republic Policy on multiple occasions in 2018 and 2019. In so doing, ACM demanded that Old Republic defend and indemnify EBCI in the Underlying Lawsuit. In response, on February 13, 2019, Caesars, acting on behalf of its subsidiary, Harrah's NC, accepted EBCI's tender on behalf of Harrah's and Old Republic and agreed to defend and indemnify ECBI in the Underlying Lawsuit. However, on February 19, 2019, Caesars, once again acting on behalf of its subsidiary, Harrah's NC, inexplicably reversed itself and revoked its prior acceptance of EBCI's tender. Further, Old Republic has refused to perform its obligations under the Old Republic Policy to defend and indemnify EBCI in the Underlying Lawsuit. In fact, Old Republic has failed to respond to the tenders and demands of Gemini and ACM. Thus, there is a real and actual dispute as to the nature and effect of the tender.

20. Despite multiple subsequent demands by Gemini and/or ACM for the defense and indemnity of EBCI, Harrah's NC, Caesars, and Old Republic have failed to explain the prior denial of the tender or attempted to justify their refusal to defend and indemnify EBCI under the terms of the Old Republic Policy. Old Republic has never responded to any tender demand in this dispute.

21. As a result of Old Republic's refusal to fulfill its obligations and responsibilities under its policy of insurance, Gemini has been damaged in that it has been forced to incur great cost and expense, including, but not limited to, defense costs in connection with the defense of EBCI in the Underlying Lawsuit, some and/or all of which it would not have incurred had Old Republic agreed to defend and indemnify EBCI in the Underlying Lawsuit as required by the terms of the Amended and Restated Management Agreement and the Old Republic Policy. Gemini has also been damaged in that it has been forced to seek declaratory relief by way of this action.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT ACTION)

22. Gemini realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 21 above.

23. Gemini is entitled to a declaration that EBCI is an insured and/or additional insured under the Old Republic Policy and that Old Republic has a duty to defend and indemnify EBCI in the Underlying Lawsuit.

24. A justiciable controversy exists between the parties to this action arising out of these claims and Old Republic's denial thereof. Therefore, Gemini asks this court to construe and determine the rights of the parties and declare that:

a. EBCI is an insured and/or additional insured under the Old Republic Policy;

b. Old Republic owes the primary duty to defend and indemnify EBCI in the Underlying Lawsuit;

c. As Old Republic has a duty to defend EBCI, its wrongful refusal to agree to defend and indemnify EBCI has resulted in Gemini having to incur costs and fees and other damages in connection with the defense of the action which it would not have had to incur had Old Republic fulfilled its obligations under its policy; and

d. That as a result, Gemini is entitled to an award of damages, including a recoupment of all fees, costs, and expenses incurred in connection with the defense of the Underlying Lawsuit, together with pre-judgment interest thereon, an award of attorney's fees incurred in connection with the bringing of this action, the costs of this action, and for any such other and further relief as this court shall deem just and proper.

25. A real and justiciable controversy exists among all the parties to this action relating to the coverage obligations of Old Republic. Pursuant to N.C.G.S. § 1-253, et seq., this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## SECOND CAUSE OF ACTION
### (EQUITABLE CONTRIBUTION AND/OR EQUITABLE SUBROGATION)

26. Gemini incorporates herein by reference the allegations contained in paragraphs 1 through 25 above.

27. Gemini is entitled to recover from Old Republic the defense costs and expenses paid by it in defense of the Underlying Lawsuit, along with interest on those amounts, pursuant

to the rights of equitable contribution, equitable subrogation, and/or all other applicable legal or equitable theories of recovery.

## PRAYER FOR RELIEF

Gemini Insurance Company respectfully prays that this Honorable Court enter an order or otherwise declare that:

1. EBCI is an insured and/or additional insured under the Old Republic Policy;

2. Old Republic owes the primary duty to defend and indemnify EBCI in the Underlying Lawsuit;

3. As Old Republic has a duty to defend EBCI, its wrongful refusal to agree to defend and indemnify EBCI has resulted in Gemini having to incur costs and fees and other damages in connection with the defense of the action which it would not have had to incur had Old Republic fulfilled its obligations under its policy; and

4. That as a result, Gemini is entitled to an award of damages, including a recoupment of all fees, costs, and expenses incurred in connection with the defense of the Underlying Lawsuit, together with pre-judgment interest thereon, an award of attorney's fees incurred in connection with the bringing of this action, the costs of this action, and for any such other and further relief as this court shall deem just and proper.

Gemini further prays as follows:

1. Pursuant to N.C.G.S § 1-261, Gemini demands a jury trial to the extent that this proceeding involves the determination of an issue of fact;

2. That pursuant to N.C.G.S. § 1-263 and other applicable law that the Court tax the costs of this action, against the defendants, or any of them; and

3. The Court award any and all other relief this Court deems just and appropriate.

September 19, 2019.

_____
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 227-1944
(704) 362-4850 FAX
jdedman@gwblawfirm.com

*Attorneys for Plaintiff, Gemini Insurance Company*